

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 1, 1947

Hon. D. H. Utley
County Auditor
Clay County
Henrietta, Texas

Opinion No. V-173

Re: Authority of the Commis-
sioners' Court of Clay
County to equip the "Clay
County Memorial Hospital".

Dear Sir:

Your request for an opinion of this Department
on the above subject matter is as follows:

"Clay County citizens have donated money
and bought stock in a Hospital to be erected
in Henrietta, same being called Clay County
Memorial Hospital. The contract for erection
of this building has been let.

"The County Government has no interest
so far. The Hospital Committee has called
on the Commissioners' Court for aid in equip-
ping the laboratory.

"Clay County has a contract with the
Wichita Falls Clinic Hospital for the care of
Clay County's indigents Hospitalization, which
in 1946 amounted to $3,400.

"The Question----Can Clay County legally
equip the laboratory out of Permanent Improve-
ment Fund, on a contract with said Hospital to
care for Clay County's Indigents, until said
County is reimbursed for money used in equip-
ping said laboratory?"

We quote from a letter of April 18th from Hon.
A. S. Hodges, County Judge of Clay County, in answer to
our request for additional information:

"In reply to your letter of April 12 in
reference to Clay County investing money in
equipment for a hospital owned by stock holders.
We have made no contract with directors at this

time but before we put any money into it we will
have a contract with the directors of this hospi-
tal to the effect that it will be owned by the
County and the Title will be vested in the County
until such time that the County will be reimbursed
by services from the hospital for indigent patients.
We at this time have to make a contract with out of
County hospitals to take care of our patients which
is very inconvenient.  The County proposes to pur-
chase the said Laboratory equipment out of the Per-
manent Improvement Fund."

It has been repeatedly held that the Commission-
ers' Court is a Court of limited jurisdiction and it may
exercise only such authority as is conferred by the Con-
stitution and statutes of this State.  We cite the follow-
ing authorities:

Article V, Sec. 18, Tex. Const.; Art. 2351,
Rev. Civ. Stat. of Texas; Tex. Juris., Vol. 11,
pages 563-566; Bland vs. Orr, 39 S.W. 558; Nunn-
Warren Publishing Company vs. Hutchinson County,
45 S.W. 2d, 651; Hoag vs. Campbell, 48 S.W. 2d
515; Landman vs. State, 97 S.W. 2d 264: El Paso
County vs. Elam, 106 S.W. 2d, 393; Howard vs.
Henderson County, 116 S.W. 2d, 2791; Dobson vs.
Marshall, 118 S.W. 2d, 621; Mills County vs. Lam-
pasas County, 40 S.W. 404.

The authority of the Commissioners' Court to
make a contract on the county's behalf is strictly lim-
ited to that conferred either expressly or by reasonable
implication by the Constitution and statutes of this State,
and a county may contract only in the manner and for the
purposes provided by statute and is not bound by a con-
tract foreign to its purposes.  See Roper vs. Hall, 280
S.W. 289; H.& S.A. Railway vs. Uvalde County, 167 S.W.
2d 305.

The authority of the Commissioners' Court to
establish or enlarge a county hospital is found under
Chapter 5, Title 71, Art. 4478, V.C.S.  The provisions
of said Article pertain to only county hospitals and
would not, therefore, authorize the expenditure of coun-
ty funds for the purposes of equipping a hospital not
owned or operated by the county.

We quote the following pertinent constitutional
provisions:

"The Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever, . . ." (Art. III, Sec. 52)

"No county, city, or other municipal corporation shall hereafter become a subscriber to the capital of any private corporation or association, or make any appropriation or donation to the same, or in anywise loan its credit; but this shall not be construed to in any way effect any obligation heretofore undertaken pursuant to law." (Art. XI, Sec. 3) (Underscoring ours)

We know of no constitutional or statutory provision which would authorize the Commissioners' Court of Clay County to make a contract with the "Clay County Memorial Hospital", a private institution, whereby the county obligates itself to equip the laboratory of such hospital, and the hospital obligates itself to care for the county's indigents until the county is reimbursed for the expenditure of money in equipping the laboratory of such hospital. Moreover, it is our opinion that the Legislature is prohibited from authorizing the county to enter into the "joint venture" that is now under consideration. Although Article 4491, V.C.S., authorizing a county which has no city with a population of more than 10,000 to contract with any legally incorporated association or hospital for the care of the indigent sick, said Article cannot be construed to authorize a contract which would violate the above quoted constitutional provision.

In the case of Ampt vs. Cincinnati, 35 L.R.A. 737, the Supreme Court of Ohio construed the constitutional provision of that State which is very similar to Article III, Sec. 52, of our State Constitution. We quote the following from said case on pp. 741-742:

"The serious question is whether this § 8 is constitutional. Section 6 of Article 8 of the Constitution is as follows: 'The general assembly shall never authorize any county, city, town, or township, by vote of its citizens, or otherwise, to become a stockholder in any joint-stock company, corporation, or association whatever; or to raise money for or loan its credit

to, or in aid of, any such company, corporation, or association.' The full scope of this section of the Constitution has not yet been determined by this court. In Walker vs. Cincinnati, 21 Ohio St. 15, 8 Am. Rep. 24, the court says: 'The mischief which this section interdicts is a business partnership between a municipality or subdivision of the state and individuals and private corporations or associations. It forbids the union of public and private capital or credit in any enterprise whatever'. In Taylor v. Ross County Comrs., 23 Ohio St. 22, the court, on page 78 says: 'And if it should be deemed wise and economical to authorize municipalities who own waterworks, or gas works, to lease them as a means for supplying the public needs, we know of no constitutional impediment. But this is a different thing from investing public money in the enterprises of others, or from aiding them with money or credit. In one case, the whole proprietary interest is in the public, and its authority is paramount, while in the other, the reverse is true.' This section of the Constitution not only prohibits a 'business partnership' which carries the idea of a joint or undivided interest, but it goes further, and prohibits a municipality from being the owner of part of a property which is owned and controlled in part by a corporation or individual. The municipality must be the sole owner and comptroller of the property in which it invests its public funds. A union of public and private funds or credit, each in aid of the other, is forbidden by the Constitution. There can be no union of public and private funds or credit, nor of that which is produced by such funds or credit. The whole ownership and control must be in the public. The city may lease from an individual or corporation any property of which it may need the use, or having property the use of which it does not need, it may lease the same to others; but it cannot engage in an enterprise with an individual or corporation for the construction or erection of a property which, as a completed whole, is to be owned and controlled in part by an individual corporation." (Underscoring ours)

Under the facts submitted, Clay County would be contemplating the purchase of equipment to be used by the Clay County Memorial Hospital, a private, charitable institution. In view of the foregoing authority, such a

procedure would violate Art. III, Sec. 52, and Art. XI, Sec. 3, of our State Constitution in that public moneys would be expended for the furtherance of private enterprise, and the county would not control the property in which it invested its public funds.

Therefore, it is our opinion that the Commissioners' Court of Clay County does not have the authority to make a contract with the "Clay County Memorial Hospital", a private, charitable institution, whereby the county obligates itself to equip the laboratory of such hospital, and the hospital obligates itself to care for the county's indigents until the county is reimbursed for the expenditure of money in equipping the hospital.

## SUMMARY

The Commissioners' Court of Clay County does not have the authority to make a contract with the "Clay County Memorial Hospital", a private charitable institution, whereby the county obligates itself to equip the laboratory of such hospital, and the hospital obligates itself to care for the county's indigents until the county is reimbursed for the expenditure of money in equipping the hospital. Sec. 52, Art. III and Sec. 3, Art. XI, Texas Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

APPROVED MAY 1, 1947

ATTORNEY GENERAL

JR:djm:jrb